IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JAMES ARRINGTON,** | * |
| | * |
| Plaintiff, | * |
| | *   **Civil No. TMD 13-3375** |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| Defendant. | * |
| ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

James Arrington ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court is Defendant's Motion for Summary Judgment. ECF No. 20.[1] Defendant contends that substantial evidence in the administrative record supports the Commissioner's final decision that Plaintiff is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1961, has a tenth-grade education, and previously worked as a finish carpenter. R. at 21-22. Plaintiff applied for DIB and SSI on December 1, 2010, alleging disability beginning on March 1, 2008 (later amended to May 2, 2011), due to two "bad knees," a herniated disc, arthritis, and developmental delays. R. at 20, 108-18, 136. The Commissioner denied Plaintiff's applications initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 29-51, 55-71. On June 19, 2012, ALJ Eugene Bond held a hearing at which Plaintiff and a vocational expert ("VE") testified. R. at 18-28. On August 2, 2012, the ALJ issued a decision finding Plaintiff not disabled since the amended alleged onset date of disability of May 2, 2011. R. at 6-17. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on September 11, 2013. R. at 1-5, 208. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On November 13, 2013, represented by counsel, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. On August 25, 2014, the Court granted Plaintiff's counsel's motion to withdraw and notified Plaintiff. The Commissioner thereafter filed her Motion for Summary Judgment (ECF No. 20). On October 21, 2014, the Clerk of Court notified Plaintiff that he had seventeen days to file a response to Defendant's Motion for Summary Judgment and that failure to file a timely written response could lead to dismissal of the case or to entry of judgment against him without further

notice (ECF No. 21). The case subsequently was reassigned to the undersigned. To date, Plaintiff has filed neither a motion for summary judgment nor a response to Defendant's Motion for Summary Judgment. The matter is now fully submitted.

## II

### Summary of Evidence

**A.     Rashid Khan, M.D.**

On February 7, 2011, Dr. Khan conducted a consultative musculoskeletal examination of Plaintiff. R. at 215-20. Plaintiff had injured his back with two herniated discs after being involved in a motor vehicle accident in 1989, and he subsequently underwent physical therapy. R. at 215.

> He stated that [the] pain got better but did not go away completely. Presently he complains of constant lower back pain mostly on the left side. Pain is aching in nature. It gets worse off and on if he does [a] lot of standing[,] walking and driving. Pain is helped by over-the-counter medication such as Tylenol arthritis or Aleve.

R. at 215. Plaintiff also complained of pain in both knees:

> Right knee pain started after a motor vehicle accident in 2001. He had also [a] motorcycle accident in 2005 which aggravated the pain in [the] right knee and started pain in [the] left knee. Pain is constant and aching type. It becomes sharp off and on. Sometime[s] [his] knee gives out. Pain is helped if he sits down, rest[s] and uses [Icy Hot] or Bengay cream. . . . He stated that left knee pain is less as compared to the right. Prolonged standing and walking increases the pain.

R. at 215. He further complained of pain in both elbows after his involvement in the motorcycle accident, which worsened if he lifted heavy objects. R. at 215.

Dr. Khan's physical examination of Plaintiff revealed that his cervical spine's range of motion was pain-free, he exhibited full range of motion in the lumbosacral spine, and that his straight-leg raising test was negative. R. at 216. Plaintiff's upper and lower extremities demonstrated normal muscle strength and range of motion within functional limits. R. at 216-18.

Dr. Khan noted that Plaintiff was able to rise from a chair and get on and off the examination table without assistance. R. at 216. Dr. Khan's assessment included the following:

> [Plaintiff] reports pain in his lower back, knees and elbows. He is significantly obese. He will be limited to perform[ing] prolonged standing and walking as well as lifting and carrying heavy objects. His gait is normal. He does not require any assistive device for ambulation. His speech and hearing are normal.

R. at 216.

**B.      State Agency Medical Consultants**

On March 2, 2011, M. Feld, M.D., assessed Plaintiff's physical residual functional capacity ("RFC"). R. at 33-34, 41-42. Dr. Feld opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of about six hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling. R. at 33, 41. He occasionally could climb ramps and stairs (but never ladders, ropes, or scaffolds), balance, stoop, kneel, crouch, and crawl. R. at 33-34, 41-42. Plaintiff had no manipulative, visual, communicative, or environmental limitations, however. R. at 34, 42. On July 15, 2011, Marcel Lambrechts, M.D., affirmed Dr. Feld's RFC assessment. R. at 223-24.

**C.      Deborah Foerter, CRNP (Nanjemoy Health Center)**

Plaintiff saw Ms. Foerter, a certified registered nurse practitioner, on January 17, 2012, for a routine follow-up. R. at 242-45. Although Plaintiff complained of joint pain, stiffness, and arthritis in his hands and knees (R. at 242), Ms. Foerter's pain assessment indicated that he denied any pain (R. at 243). On March 28, 2012, Plaintiff returned to Ms. Foerter for medication refills, but he previously had not picked up his arthritis medication. R. at 237. He rated his knee and back pain, which remained unchanged, as a 6 out of 10. R. at 238-39.

**D.     Plaintiff's Testimony**

In his decision, the ALJ summarized Plaintiff's allegations: "According to [Plaintiff's] reported statements, he alleged functional limitations that included difficulties lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, and completing tasks. Further, his attorney stated at the hearing that [Plaintiff] needs to lose weight and that he was informed he would need a knee replacement."  R. at 13 (citation omitted); *see* R. at 177-84.

**E.     VE Testimony**

The VE testified that a hypothetical person having the same age, education, and work experience as Plaintiff with the capacity to perform unskilled, light work[2] with a sit-stand option could perform the jobs of machine tender, grading and sorting worker, or finish inspector.  R. at 25-26.  According to the VE, his testimony was consistent with the *Dictionary of Occupational Titles*,[3] except for his testimony regarding a sit-stand option, which was based on his experience as a vocational consultant.  R. at 26.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

III

**Summary of ALJ's Decision**

On August 2, 2012, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of May 2, 2011; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy. R. at 11-17. The ALJ accordingly found that he was not disabled from May 2, 2011, through the date of the decision. R. at 17.

In so finding, the ALJ found that Plaintiff had the RFC to perform light, unskilled work with a sit-stand option. R. at 12. Regarding Plaintiff's credibility, the ALJ found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." R. at 13.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

## Standard of Review

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

Further, Plaintiff's failure to file a motion for summary judgment or a response to Defendant's Motion for Summary Judgment does not fulfill the burdens imposed on the moving parties by Fed. R. Civ. P. 56(c). *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993); *Dobson v. Colvin*, No. 1:12-CV-00946(IDD), 2013 WL 6228662, at *10 (E.D. Va. Nov. 29, 2013).

> Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to "a judgment as a matter of law." The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.

*Custer*, 12 F.3d at 416; *see* Fed. R. Civ. P. 56(e).

## VI

### Discussion

Defendant contends that substantial evidence supports the ALJ's decision and that the ALJ properly evaluated Plaintiff's disability claim using the five-step sequential evaluation process outlined above in Part IV.  The Court has carefully reviewed the ALJ's decision and the entire record.  See *Matthews v. Comm'r, Soc. Sec.*, Civil Case No. ELH-13-1720, 2014 WL 1427182, at *1 (D. Md. Apr. 11, 2014) (citing *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping analytical framework for judicial review of pro se action challenging adverse administrative decision, including (1) examining whether Commissioner's decision generally comports with regulations, (2) reviewing ALJ's critical findings for compliance with the law, and (3) determining from evidentiary record whether substantial evidence supports ALJ's findings)), *adhered to on denial of reconsideration*, 2014 WL 2738276 (D. Md. June 16, 2014).

As noted in Part III above, the ALJ proceeded through all five steps of the sequential evaluation process.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended onset date of disability.  R. at 11.  At step two, the ALJ found that Plaintiff's degenerative changes of the right knee, back and knee arthralgias, and obesity were severe impairments.  R. at 11.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.'  A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'"  *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.  In this regard, at step three, the ALJ found that Plaintiff's

impairments neither met nor equaled an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 12. The ALJ specifically considered the criteria listed under 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00, regarding musculoskeletal impairments. R. at 12. The ALJ also did not find that Plaintiff's obesity, in combination with his other severe impairments, met a listed impairment. R. at 12.

Before considering step four, the ALJ found Plaintiff's RFC to be limited to light, unskilled work with a sit-stand option. R. at 12. In so finding, the ALJ invoked the two-part process for evaluating a claimant's subjective complaints and considered whether Plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms were credible. R. at 12-13. The ALJ appropriately considered Plaintiff's reported daily living activities (R. at 13 (citing R. at 153-60, 177-84)). *See Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The ALJ also considered Plaintiff's obesity according to Social Security Ruling 02-1p (R. at 12, 14, 15).[5] *Cf. Boston v. Barnhart*, 332 F. Supp. 2d 879, 885-87 (D. Md. 2004) (reversible error where ALJ failed to acknowledge obesity or its effect on claimant's other impairments). The ALJ determined that the findings from Plaintiff's consultative examination with Dr. Khan were consistent with an RFC to perform light work with a sit-stand option. R. at 14-15. The ALJ further found that Plaintiff's "treatment does not support the severity of his allegations of pain" and that "his treatment lacks specialized

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

evaluations that detract from the overall severity of his allegations." R. at 13. The ALJ also found that Plaintiff's treatment by a nurse practitioner rather than a primary care physician detracted from the severity of Plaintiff's allegations. R. at 14. The Court thus finds that substantial evidence supports the ALJ's discounting of Plaintiff's subjective complaints of disabling symptoms and limitations. *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (Luttig, J., concurring) (stating that "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility" and holding that "it was not improper for the ALJ to consider the level and type of treatment [the claimant] sought and obtained in determining what weight to accord her allegations of constant disabling pain").

The ALJ also afforded "great weight" to Dr. Feld's opinion regarding Plaintiff's physical RFC, but only to the extent that the doctor's opinion was consistent with the other evidence of record, including Dr. Khan's findings. R. at 15. "Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, No. 97-2551, 1998 WL 702296, at *2 (4th Cir. Oct. 6, 1998) (per curiam) (citation omitted). Again, as noted previously, the Court's function is neither to review Plaintiff's claims *de novo* nor to reweigh the evidence of record. The Court instead must determine whether, upon reviewing the whole record, the Commissioner's decision is supported by substantial evidence and a proper application of the law. Under that standard and in light of the evidence cited by the

ALJ, the Court finds no error in the ALJ's RFC assessment. *See Matthews*, 2014 WL 1427182, at *2.

On the basis of the ALJ's assessment of Plaintiff's RFC, the ALJ found at step four that Plaintiff could not perform any past relevant work. R. at 15-16. At step five, the ALJ considered whether Plaintiff could perform other work in the national economy in light of the ALJ's assessment that Plaintiff was limited to unskilled, light work with a sit-stand option. R. at 16-17. Because the ALJ found that additional limitations impeded Plaintiff's ability to perform all of the requirements of light work, the ALJ elicited testimony from a VE (R. at 16, 25-26). *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). "In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of [the] claimant's impairments." *Id.* (citation omitted); *see Fisher v. Barnhart*, 181 F. App'x 359, 364 (4th Cir. 2006) (per curiam) (noting that hypothetical question is unimpeachable if it adequately reflects RFC for which ALJ had sufficient evidence (citing *Johnson*, 434 F.3d at 659)). "Moreover, it is the claimant's functional capacity, not his clinical impairments, that the ALJ must relate to the vocational expert." *Fisher*, 181 F. App'x at 364.

Here, the VE testified that jobs such as a machine tender, a grading and sorting worker, or a finish inspector existed in the economy for an individual such as Plaintiff limited to light, unskilled work with a sit-stand option. The VE properly testified from his own experience that these jobs provided a sit-stand option. *See Zarkowski v. Barnhart*, 417 F. Supp. 2d 758, 767 (D.S.C. 2006). Accordingly, the VE's testimony provides substantial evidence to support the ALJ's finding that Plaintiff was not disabled because of the significant number of jobs in the economy that he could perform. *See Walls*, 296 F.3d at 291-92.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**. The Commissioner's decision is **AFFIRMED**. A separate order shall issue.

Date: December 11, 2014                                  /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge